were concerned. Mrs. Purvis was not a party to the proceeding, nor did she claim, as in the *Wimpy* case, supra, any rights under the party against whom the order was directed. On the contrary, her claim of title was wholly antagonistic to that of her husband, whose deed she asserted to be a forgery. She was not put in possession after the order, as in the *Wimpy* case, but had been in possession for nearly 20 years. Her offense was not an interference with possession, but a notification to the public of the rights she would claim; and as the evidence did not go far enough to show that this notification was merely a scheme to keep T. L. Purvis in possession, rather than the breaking of a silence (if the property really was her own) which would have estopped her ever thereafter from asserting her ownership, we think the learned trial judge erred in imposing a penalty upon either Mrs. Purvis or her attorney.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*

---

GOSSETT & SONS *v.* DAVIS, director-general.

This case came before this court upon certiorari to the Court of Appeals; and the same being for decision by a full bench of six Justices; Russell, C. J., and Atkinson and Hines, JJ., being of the opinion that the judgment of the Court of Appeals should be reversed, and Beck, P. J., and Hill and Gilbert, JJ., being of the opinion that the judgment should be affirmed, the judgment of the Court of Appeals is affirmed by operation of law.

No. 3915. SEPTEMBER 30, 1924.

Certiorari; from Court of Appeals. 30 *Ga. App.* 576.

*Reuben R. & Lowry Arnold* and *W. H. Beck,* for plaintiffs.

*Cleveland, Goodrich & Cleveland,* for defendant.

---

BRIDGES *et al. v.* BRADY.

1. A mistake in one of the initials of the decedent, which appeared in the return of appraisers appointed to set aside a year's support to a widow and minor children, did not invalidate the return, in view of the fact that it clearly appears that the estate from which the appraisers carved